UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:25CR74TMR |
| | : | |
| **Plaintiff,** | : | **AMENDED PROTECTIVE ORDER** |
| | : | |
| **vs.** | : | |
| | : | |
| **TYRONE PETTY ET AL.,** | : | |
| | : | |
| **Defendant.** | : | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), for good cause shown, the Court hereby grants the unopposed motion of the United States for entry of a Protective Order, prescribing the manner in which Defendants and Defendants' counsel (namely Anthony VanNoy, Jacob Seidl, L. Patrick Mulligan, John Pinard, and James Fleisher) must handle certain materials that will be produced to them in discovery – namely, documents, recording and other materials that containing personal identifying information of individuals and informants (collectively, "the Discovery Materials") – as follows:

1. Defendants and Defendants' counsel will not disclose the information contained in the Discovery Materials directly or indirectly to any person except: attorneys or investigators who are assisting in defense; individuals who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals"). Upon disclosing information contained in the Discovery Materials to an Authorized Individual, Defendants and

Defendants' counsel must provide the Authorized Individual with a copy of the Court's Protective Order and advise the Authorized Individual that he or she will be subject to the same obligations as imposed upon Defendants' counsel by the Protective Order.

2.   Defendants and Defendants' counsel may use the Discovery Materials solely in the defense of this case and for no other purpose.

3.   At the conclusion of this case, Defendants shall return the Discovery Materials and copies, reproductions, or mirror images thereof to Defendants' counsel.

4. .  Defendants' counsel shall inform his client of these prescriptions placed on the Discovery Materials, and direct his client not to disclose or use any information contained in the Discovery Materials in violation of the Protective Order.  However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

5.   Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016).

2

1/15/26

_____
DATE

_____
HONORABLE THOMAS M. ROSE
UNITED STATES DISTRICT COURT JUDGE

3