**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cr-74-1 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| TYRONE PETTY, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER MEMORIALIZING JULY 16, 2026 TELEPHONE
CONFERENCE (MINUTE ENTRY, 7/16/2026); VACATING THE COURT'S
PREVIOUS ORAL ORDER TO RETURN DEFENDANT TO STATE CUSTODY
(MINUTE ENTRY, 6/3/2026); AND STAYING DEFENDANT'S RETURN TO
STATE CUSTODY PENDING THE RECEIPT OF DEFENDANT'S MEDICAL
RECORDS AND ATTENDANT TELEPHONE STATUS CONFERENCE**

---

Before the Court is the status of Tyrone Petty's ("Petty") Oral Motion to be Returned to

State Custody in West Virginia (the "Oral Motion") (*see* Minute Entry, 6/3/2026), in light of a

telephone status conference held on July 16, 2026 (*see* Minute Entry, 7/16/2026). For reasons

identified below, the Court **VACATES** its Oral Order Granting Petty's Oral Motion (the "Oral

Order") (Minute Entry, 6/3/2026) and **STAYS** Petty's return to state custody, pending the Court's

receipt of Petty's medical records and an attendant telephone status conference to follow.

Prior to the initiation of the instant case and his detention in federal custody, Petty was

incarcerated at the Western Regional Jail in Barboursville, West Virginia. (*See* Doc. No. 28 at

PageID 49.) Petty was subsequently brought before this Court on separate, federal charges by way

of writ of habeas corpus *ad prosequendum*. (*Id*.) Petty initially sought return to state custody in

West Virginia by invoking his supposed anti-shuttling rights and filing a motion (the "Anti-

1

Shuttling Motion") pursuant thereto.[1] (*See* generally Doc. No. 47.) Finding Petty is not and never was entitled to anti-shuttling rights, the Court issued an Entry and Order Denying Motion to Withdraw Defendant's Waiver of His Anti-Shuttling Rights (the "Anti-Shuttling Order"). (*See* Doc. No. 54.)

On June 2, 2026, the Court held a hearing, at which time Petty's counsel advised the Court that Petty informed him that Petty suffers from colon cancer; for that reason, Petty requested that the Court return him to state custody in West Virginia for further treatment. (*See* Minute Entry, 6/3/2026.) It was at that same hearing that Petty's counsel orally moved to have Petty returned to West Virginia. (*Id*.) Counsel for the Government expressed no objection to Petty's Oral Motion. (*Id*.) Accordingly, the Court issued its Oral Order, granting Petty's Oral Motion at the hearing on June 2, 2026. (*Id*.) However, the very next day, on June 3, 2026, the Government filed a Response in Opposition to Petty's Oral Motion (the "Government's Response").[2] (*See* Doc. No. 57.) In the Government's Response, the Government indicates that "since the hearing, the [G]overnment learned that [] Petty has not received a cancer diagnosis and that the appropriate steps have been taken for all his medical needs." (*Id*. at PageID 121.) The Court ordered Petty to file a reply, including medical records to substantiate his cancer diagnosis. (*See* Minute Entry, 6/4/2026.) In his Reply, Petty indicated he "is in need of further medical testing in order to properly determine his condition[,]" and therefore "requests an opportunity to obtain [his medical] records on his

---

[1] As explained in greater detail in the Court's previous Order, Petty mistakenly styled his Anti-Shuttling Motion as one seeking withdrawal of his waiver of anti-shuttling rights, even though the content of his Anti-Shuttling Motion makes clear that, in reality, Petty originally invoked said rights and subsequently sought to waive them by motion. (*See* Doc. No. 54 at PageID 114–17.) This error is of little consequence because Petty was brought to this Court by way of writ and is, therefore, not entitled to anti-shuttling rights under the Interstate Agreement on Detainers. (*See id*.)

[2] The Government erroneously styled its Response (Doc. No. 57) as one in opposition to Petty's Anti-Shuttling Motion. Petty's Anti-Shuttling Motion was disposed of and therefore moot at the time the Government filed its Response. More accurately, the Government's Response was filed in opposition to Petty's Oral Motion and evidently with the intent to withdraw its previous assent to Petty's Oral Motion. (*Id*. at PageID 121.)

own . . . and have the Court review them in camera." (Doc. No. 59 at PageID 124.) Accordingly, the Court held a telephone conference on July 16, 2026. (*See* Minute Entry, 7/16/2026.) At said conference, Petty's counsel indicated Petty has seen a doctor and has been referred for a colonoscopy, which is scheduled for August 5, 2026. (*Id*.) In sum, Petty's diagnosis remains unknown until he undergoes a colonoscopy, and the Court receives his medical records.

Accordingly, the Court **ORDERS** as follows:

1. The Court hereby **VACATES** its Oral Order made at the June 2, 2026 hearing (*See* Minute Entry, 6/3/2026).

2. The Court further **STAYS** Petty's return to state custody in West Virginia pending the Court's receipt of Petty's medical records and forthcoming telephone status conference to discuss said records. Petty is to remain in federal custody until further notice.

3. The Court will set the telephone status conference regarding Petty's medical records by separate order.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 20, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

3